**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AUTO CLUB GROUP INSURANCE
COMPANY, as Subrogee of Gregory Fort,
and GREGORY FORT, Individually,

        Plaintiffs,                    Case Number: 08-13873

v.                                            HON. MARIANNE O. BATTANI

FOXCONN/HON HAI LOGISTICS, TEXAS,
LLC, and EFFICIENT NETWORKS, INC.,

        Defendants.
_____/

**ORDER DENYING DEFENDANT EFFICIENT NETWORKS, INC.'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This matter is before the Court on Defendant Efficient Networks, Inc.'s ("Efficient") Motion for Summary Judgment. (Doc. 25). Plaintiffs' complaint alleges that Defendants breached an implied warranty by manufacturing and distributing a DSL modem that was not reasonably fit for the uses or purposes anticipated or reasonably foreseen by the Defendants. In particular, Plaintiffs allege that the modem started a fire on August 7, 2005, that damaged Gregory Fort's residence. Efficient argues that Plaintiffs' claim is barred by the applicable statute of limitations because Plaintiffs failed to properly serve Efficient, which prevented the complaint from tolling the statute of limitations. Therefore, Efficient asserts that summary judgment is appropriate. The Court heard oral argument on this

motion on August 20, 2009, and for the reasons that follow, the Court **DENIES** Efficient's Motion for Summary Judgment.

## II.     STATEMENT OF FACTS

Defendant Efficient Networks is a now-defunct corporation that was succeeded by Siemens Subscriber Networks, LLC ("Siemens"). Siemens changed its name in early October 2008 to Gigaset Communications Dallas LLC ("Gigaset"). Plaintiffs filed suit against Defendants on July 31, 2008, just days before the expiration of the applicable statute of limitations, in Wayne County Circuit Court. Plaintiffs attempted to serve Efficient's resident agent by regular mail in early August 2008. Siemens did not receive the service by mail. Nevertheless, Siemens became aware of the suit and removed the case to this Court on September 9, 2008. At that time, counsel for Siemens informed Plaintiffs that Efficient had not been served and advised Plaintiffs that it could be served at its principal place of business at 4849 Alpha Road, Dallas, TX 75244. On September 12, 2008, this Court issued a summons for Efficient. Plaintiffs mailed the federal summons, wavier forms, and various filings to the aforementioned address by regular mail on September 29, 2008. Siemens/Gigaset never returned the waiver form to Plaintiffs, and Plaintiffs made no additional attempts to serve Efficient, Siemens, or Gigaset.

Efficient filed its answer and affirmative defenses on October 20, 2008. In its answer, Efficient asserted that it had not been properly served and that Plaintffs' claim was barred by the statute of limitations, which was not tolled by the complaint due to the lack of proper service. On November 13, 2008, the parties filed a joint discovery plan. Efficient

then served its Rule 26(a)(1) disclosures on Plaintiffs on December 18, 2008. On January 7, 2009, the federal court summons expired. In February 2009, Efficient served a set of interrogatories and a request for the production of documents on Plaintiffs. In addition, Efficient served a set of interrogatories and a request for the production of documents on Foxconn/Hon Hai Logistics, Texas, LLC in March 2009. On May 20, 2009, Efficient filed this motion for summary judgment.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008).

### IV.  ANALYSIS

The statute of limitations for a products liability action such as Plaintiffs' is three years. MICH. COMP. LAWS § 600.5805(13). In Michigan, statutes of limitation are tolled "[a]t the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules." MICH. COMP. LAWS § 600.5856. Efficient argues that Plaintiffs' complaint, which was filed on July 31, 2008, did not toll the statute of limitations because it was not properly served before the January 7,

2009, expiration of the federal court summons.  If the filing of the complaint does not toll the statute of limitations, then the three-year period will have run as of August 7, 2008.  See id.  Plaintiffs' respond that proper service of Efficient was unnecessary because Efficient waived its objection to improper service.  Efficient replies that it did not waive its objection because it raised the objection in its answer and it needed to perform discovery to determine whether or not Plaintiff had sent the summons and complaint to the Michigan Corporation and Securities Bureau, which the Michigan Court Rules require for service of a corporation such as Efficient.  See MICH. CT. R. 2.105(d)(4).

After review of the pleadings, the Court finds that Efficient has waived its objection to improper service.  As an initial matter, Efficient's assertion that it had to engage in discovery in order to determine whether service was proper under the Michigan Court Rules is simply not true.  Under Michigan Court Rule 2.105(d)(4), a corporation may be served by sending a summons and a copy of the complaint by registered mail to the Michigan Corporation and Securities Bureau *and to the corporation or an appropriate corporation officer*.  As a summons and a copy of the complaint were never sent to Efficient by registered mail, Efficient did not need to engage in discovery to determine that it had not been properly served under the Michigan Court Rules and to assert its claim of improper service.

Furthermore, the circumstances of this case demonstrate that Efficient waived its objection to service.  After filing its answer, Efficient communicated with Plaintiffs as the parties formulated the joint discovery plan, but Efficient did not mention its objection to improper service. Subsequently, Efficient served its Rule 26(a)(1) disclosures on Plaintiffs without noting any objection to improper service.  Approximately two months later, in February 2009, Efficient began sending out interrogatories and requests for production of

4

documents to Plaintiffs and its co-defendant. It was not until filing this motion in May 2009 that Efficient reasserted its objection to improper service. Under circumstances such as these, the Court finds that the objection to improper service has been waived. See Datskow v. Teledyne, Inc., 899 F.2d 1298 (2nd Cir. 1990) (finding that a defendant had waived his answer's objection to improper service when, after filing his answer, the defendant attended a conference with the magistrate judge and participated in scheduling discovery and motion practice without mentioning the defective service). Accordingly, Plaintiffs' timely complaint tolled the statute of limitations.

### V.   CONCLUSION

For the reasons discussed above, the Court finds that Plaintiffs' claim is not barred by the statute of limitations and **DENIES** Efficient's Motion for Summary Judgment.

**IT IS SO ORDERED.**


        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE


Dated: August 27, 2009


### CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.


        s/Bernadette M. Thebolt
        Deputy Clerk